UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STAN HITCH and ROBERT HITCH, d/b/a ) | |
| CROCKETT CREEK, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:11-CV-311 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| C.C.W. PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge referring Defendant's Motion to Exclude Plaintiffs' Experts and/or to Extend Defendant's Expert Disclosure Deadline [Doc. 13], Motion to Compel [Doc. 18], and the parties' Joint Motion for Amendment of Scheduling Order [Doc. 23] to the undersigned for disposition.

The parties appeared before the undersigned on October 31, 2012, for a hearing on these motions. Attorney Lyle Moe was present representing the Plaintiffs, and Attorney Joshua Wolfe was present representing the Defendant. The Court fully explained its rulings on these motions and the discovery issues in open court. However, the Court restates its rulings and reiterates its findings and conclusions as follows.

**Exclusion of Plaintiffs' Experts**

On September 28, 2012, Defendant filed a Motion to Exclude Plaintiffs' Experts based on untimely and incomplete Rule 26 disclosures. On October 2, 2012, the Court entered an Order affording the Defendant an extension of time to disclose its experts and ordering the Plaintiffs to show cause as to why their experts should not be excluded based upon their untimely disclosure. [Doc. 16]. On October 12, 2012, Plaintiffs filed their response to the Order to Show Cause. Plaintiffs' counsel states that he travelled to see his ailing mother and fell behind on his obligations. He states that he has conferred with the expert witnesses he will be calling at trial and "informed defendant's counsel accordingly." [Doc. 21-1 at 1]. On October 15, 2012, the Defendant filed a final reply [Doc. 22], in which it argues that the Plaintiffs' expert disclosures remain woefully inadequate.

The Court finds that the Plaintiffs have not complied with their obligations under Rule 26 of the Federal Rules of Civil Procedure. The Plaintiffs' expert disclosures remain markedly incomplete. The Court will, however, afford the Plaintiffs a final opportunity to comply with their obligations. The Plaintiffs shall provide counsel for the Defendant with *full and complete* Rule 26 expert disclosure report for Michael Alfred and *any and all* material upon which he relied or will rely in formulating his opinions on or before **November 6, 2012**. The Plaintiffs shall provide counsel for the Defendant with *full and complete* Rule 26 expert disclosure report for Mark Smith and *any and all* material upon which he relied or will rely in formulating his opinions on or before **November 7, 2012**. The Plaintiffs will be barred from using, in this litigation, any expert materials that are not provided to the Defendant by these dates. In addition, Mr. Alfred and Mr. Smith shall be made available for depositions on or between **November 7 through 19, 2012.** Accordingly, the remaining relief in the Motion to Exclude **[Doc. 13]** is

**DENIED WITHOUT PREJUDICE**.  The Defendant may renew its motion if the Plaintiffs fail to comply with the above ruling.

### Motion to Compel [Doc. 18]

In its Motion to Compel [Doc. 18], Defendant argues that Plaintiffs have failed to provide any documentation to support their claim for business loss, either via their responses to requests for production or via their initial disclosures.  Defendant states that it has been asking for such documentation for approximately seven months.  Defendant submits that Plaintiff Stan Hitch confirmed in deposition testimony that primary financial documents exist.  Defendant maintains that these primary documents have not been produced, and instead, only a derivative description of the actual financial documents has been produced.  Defendant moves the Court to order the Plaintiffs to produce financial documents to support their claim for damages, and Defendant requests an award of costs.

As an initial matter, the Court finds that the Plaintiffs have not responded in opposition to the relief requested by the Defendant.  The time for responding has expired.  See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat this failure to respond as acquiescence to the relief sought.  See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").  Nonetheless, the Court has considered the Plaintiff's position, as presented orally at the hearing.

The Court finds that the Plaintiffs have failed to comply with their duty to compute their damages and make available documentation relating to their damages claims under Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure.  The Motion to Compel **[Doc. 18]** is **GRANTED**.  The Plaintiffs shall produce *any and all* documentation supporting their claims for business loss damages or any other damages on or before **November 5, 2012**.  Counsel for the

3

Plaintiffs represented at the hearing that the Plaintiffs' damages did not exceed $**480,000.00**. The Plaintiffs' damages are capped at this amount. To the extent, however, that Plaintiffs fail to produce documentation supporting their damages claims on or before November 5, 2012, the Plaintiffs' damages claims may be further reduced by the Court for failure to comply with the Court's Order, see Fed. R. Civ. P. 37(b)(2)(A). In addition, the Defendant may elect to re-depose Plaintiff Stan Hitch. If Defendant elects to re-depose Mr. Hitch, Mr. Hitch shall be made available for a deposition on or between **November 7 through 19, 2012**.

Rule 37 provides that if a motion to compel is granted, "the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In this case, the motion to compel has been granted, and the Plaintiffs have not demonstrated any basis for making an exception to the above rule based upon failure to confer, substantial justification, or other circumstances making an award of expenses unjust, see Fed. R. Civ. P. 37(a)(5). The Court finds that: counsel for the Defendant conferred repeatedly with counsel for the Plaintiff about these issues; Plaintiffs' failure to comply was not substantially justified; and there are no circumstances before the Court that make an award of expenses unjust. Accordingly, the Court finds that an award of expenses is appropriate.

Counsel for the Defendant submitted that the Defendant has incurred $750.00 in expenses in litigating the Motion to Compel. Plaintiffs did not dispute the reasonableness of this amount. Accordingly, Plaintiffs and/or counsel for the Plaintiffs is/are **ORDERED** to pay **$750.00** to counsel for the Defendant representing the expenses incurred in litigation the Motion to Compel.

### Joint Motion for Extension [Doc. 23]

Finally, the parties jointly move to extend the discovery deadline, deadline for <u>Daubert</u> motions, and the dispositive-motion deadline to December 6, 2012. [Doc. 23]. As a basis for this relief, they cite the ongoing discovery issues in the case.

The Motion for Extension **[Doc. 23]** is **GRANTED IN PART and DENIED IN PART** as follows. Any <u>Daubert</u> motions shall be filed on or before **November 21, 2012**. If <u>Daubert</u> motions are filed, the Court will hold a hearing on the <u>Daubert</u> motions at **1:30 p.m. on December 5, 2012**. The parties have been instructed to reserve this date/time for this hearing. All discovery in this matter shall be completed on or before **December 14, 2012**, and any dispositive motions shall be filed on or before **December 14, 2012**.

### Conclusion

In sum, the remaining relief in the Motion to Exclude **[Doc. 13]** is **DENIED WITHOUT PREJUDICE**. The Motion to Compel **[Doc. 18]** is **GRANTED**, and Plaintiffs and/or counsel for the Plaintiffs is/are **ORDERED** to pay **$750.00** to counsel for the Defendant. The Motion for Extension **[Doc. 23]** is **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED**.

ENTER:

    <u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge